IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE E. SINKLER, | : | |
| Plaintiff | : | |
| | : | No. 1:19-cv-1211 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN BRIAN S. CLARK, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

On July 15, 2019, *pro se* Plaintiff Freddie E. Sinkler ("Plaintiff"), who is currently incarcerated at the Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Warden Brian S. Clark ("Clark"), CO Lakes ("Lakes"), CO McManara ("McManara"), Officer Brant ("Brant"), Officer Deng ("Deng"), and Security Robert Lucas ("Lucas"). (Doc. No. 1.) He also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

1

## I. BACKGROUND

Plaintiff avers that on May 31, 2019, Defendant McManara brought him an electric shaver to use to perform the fitra shave, an Islamic obligation to be performed during Ramadan. (Doc. No. 2.) Plaintiff asked Defendant McManara where he should shave because there are no private electrical outlets. (*Id.*) Defendant McManara checked all of the sockets and determined that only one worked. (*Id.* at 3.) That socket was located "on the block in front of . . . everyone, including staff members and a glass door that the public can see through." (*Id.*) The area was also in sight of two (2) cameras. (*Id.*)

Defendant McManara made the control officer aware that only one socket was working and asked if there was somewhere private that Plaintiff could shave. (*Id.*) Defendant Lake responded that Plaintiff had a choice between using the available socket or never shaving. (*Id.*) Plaintiff maintains that in order to meet his religious obligation, he was forced to expose himself and perform his "obligatory shave/cleansing." (*Id.*) As relief, Plaintiff seeks damages as well as a transfer from DCP. (*Id.*)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010)

(explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the

4

complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990); *Richardson v. Min Sec Cos.*, No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir.

2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*. *See Santiago*, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

### A. Tisdale's Complaint

As noted above, Plaintiff alleges that he was forced to perform his fitra shave, an Islamic religious obligation, in full view of others at the DCP. Liberally interpreting his *pro se* pleading, the Court construes the complaint as alleging violations of the First Amendment.

At this time, the Court finds that Plaintiff's claims against Defendants McManara and Lakes survive screening. Plaintiff, however, has failed to state claims for relief against Defendants Clark, Brant, Deng, and Lucas. Plaintiff named these Defendants in the caption, but there no averments related to them in the body of the complaint. Thus, Plaintiff's claims against Defendants Clark, Brant, Deng,

and Lucas will be dismissed without prejudice at this time. *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

B. **Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Here, with respect to Plaintiff's claims against Defendants Clark, Brant, Deng, and Lucas, it is neither clear that amendment would

be futile, nor is there any basis to believe it would be inequitable. Accordingly, Tisdale will be granted leave to file an amended complaint as to his claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) will be granted and the complaint (Doc. No. 1) will be dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against Defendants Clark, Brant, Deng, and Lucas will be dismissed without prejudice. The Court will defer service of the complaint to permit Plaintiff to file an amended complaint within thirty (30) days of the date of the Order filed concurrently with this Memorandum. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 13, 2019