# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDIE E. SINKLER, : | |
|     Plaintiff : | |
| : | No. 1:19-cv-1211 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN BRIAN : | |
| S. CLARK, *et al.*, : | |
|     Defendants : | |

## **MEMORANDUM**

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 26) filed by Defendant C.O. McManara ("McManara"). The motion is fully briefed and ripe for disposition. For the following reasons, the Court will grant the motion to dismiss with respect to *pro se* Plaintiff Freddie E. Sinkler ("Plaintiff")'s claim for injunctive relief but deny the motion with respect to his claim for monetary damages against Defendant McManara. The Court will also direct Plaintiff to show cause why Defendant C.O. Lakes ("Lakes") should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiff, who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action on July 15, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants McManara, Lakes, Warden Brian S. Clark ("Clark"), Officer Brant

("Brant"), Officer Deng ("Deng"), and Security Officer Robert Lucas ("Lucas"). (Doc. No. 1.) Plaintiff avers that on May 31, 2019, while he was incarcerated at the Dauphin County Prison ("DCP"), Defendant McManara brought him an electric shaver to use to perform the fitra shave, an Islamic obligation to be performed during Ramadan. (*Id.*) Plaintiff asked Defendant McManara where he should shave because there are no private electrical outlets. (*Id.*) Defendant McManara checked all of the sockets and determined that only one worked. (*Id.* at 3.) That socket was located "on the block in front of . . . everyone, including staff members and a glass door that the public can see through." (*Id.*) The area was also in sight of two cameras. (*Id.*)

Defendant McManara made the control officer aware that only one socket was working and asked if there was somewhere private that Plaintiff could shave. (*Id.*) Defendant Lakes responded that Plaintiff had a choice between using the available socket or never shaving. (*Id.*) Plaintiff maintains that in order to meet his religious obligation, he was forced to expose himself and perform his "obligatory shave/cleansing." (*Id.*) As relief, Plaintiff seeks damages as well as a transfer from the DCP. (*Id.*)

In a Memorandum and Order dated August 13, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed his claims against

Defendants Clark, Brant, Deng, and Lucas for failure to state a claim against them. (Doc. Nos. 9, 10.) The Court granted Plaintiff thirty (30) days to file an amended complaint and noted that if he failed to do so, the Court would direct service of his original complaint upon Defendants McManara and Lakes. (*Id.*) Plaintiff did not file an amended complaint, and so in an Order dated September 17, 2019, the Court directed the Clerk of Court to effect service of the complaint upon Defendants McManara and Lakes. (Doc. No. 12.)[1] In an Order dated October 30, 2019, the Court directed the United States Marshals Service to effect service of the complaint because Defenants McManara and Lakes had not returned signed waivers of service. (Doc. No. 20.)

On November 20, 2019, the summons issued to Defendant Lakes was returned as unexecuted with a note that Defendant Lakes was no longer employed at DCP. (Doc. No. 24.) On December 6, 2019, Defendant McManara filed his motion to dismiss (Doc. No. 26) and, after receiving two extensions of time, filed his brief in support on January 16, 2020 (Doc. No. 34). In an Order dated January 21, 2020, the Court directed Plaintiff to respond to the motion to dismiss within thirty (30) days.

---

[1] On September 23 and 24, 2019, the Court received three (3) letters from Plaintiff concerning the dismissal of Defendants Clark, Brant, Deng, and Lucas. (Doc. Nos. 15, 16, 17.) In an Order dated September 26, 2019, the Court construed the letters as a motion for reconsideration and denied the motion. (Doc. No. 18.)

3

(Doc. No. 34.) Plaintiff filed his oppositional brief on January 29, 2020. (Doc. No. 36.)[2] Defendant McManara has not filed a reply brief, and the time to do so has expired.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer

---

[2] Plaintiff filed an initial oppositional brief on January 15, 2020 (Doc. No. 33), one day before Defendant McManara filed his brief in support. Given this, the Court entered its January 21, 2020 Order to permit Plaintiff to respond to Defendant McManara's brief.

4

more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice,

matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**B. Civil Rights Statute, 42 U.S.C. § 1983**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

6

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. Defendant McManara's Motion to Dismiss

Defendant McManara seeks dismissal of Plaintiff's complaint for the following reasons: (1) Plaintiff has failed to allege that Defendant McManara was personally involved in the alleged constitutional violation; and (2) Plaintiff's claims for injunctive relief are moot. (Doc. No. 34 at 2.) The Court considers each argument in turn below.

### 1. Personal Involvement

Plaintiff's complaint suggests that he is raising a claim that his First Amendment free exercise rights were violated when he was forced to perform his fitra shave in public. Defendant McManara asserts that he was not involved in the alleged violation and that he "appears to have done the opposite by diligently searching for a private space for Plaintiff and asking his superior officer if anything else could be done." (Doc. No. 34 at 3.)

Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor." *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 546 (E.D. Pa. 2015) (citing *Rode*, 845 F.2d at 1207-08). Here, Plaintiff explicitly alleges that Defendant Lakes was Defendant McManara's superior. (Doc. No. 1 at 3.) Thus, Plaintiff cannot seek to hold Defendant McManara liable on a theory of acquiescence.

A liberal reading of Plaintiff's complaint, however, suggests that he may be attempting to hold Defendant McManara liable for failing to intervene in the alleged violation of his First Amendment rights. The Third Circuit has held that a failure to intervene claim may arise when an officer, "whether supervisory or not, fails or refuses to intervene when a constitutional violation takes place . . . *in his presence*." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) (emphasis added). However, "an officer is liable only if there is a realistic and reasonable opportunity to intervene." *Id.* "The duty to uphold the law does not turn upon an officer's rank." *Id.*

Here, Plaintiff maintains that Defendant Lakes told him and Defendant McManara that Plaintiff had to either "shave here and now at this socket on the block as is, right now or never." (Doc. No. 1 at 3.) In his briefs opposing the motion to dismiss, Plaintiff asserts that after Defendant Lakes' response, Defendant McManara forced him to perform his fitra shave in public. (Doc. Nos. 33, 36.) Taking Plaintiff's allegations as true, the Court concludes that they are sufficient to state a claim at this time that Defendant McManara violated his rights by failing to intervene in the alleged First Amendment violation.[3]

---

[3] Defendant McManara maintains that "[t]o the extent Plaintiff believes McManara should have disobeyed Lakes's order, it is worth noting that the Third Circuit has refused to recognize any right of a public employee to refuse an order—even if the order is unconstitutional." (Doc. No. 34 at 3 (citing *Armbruster v. Cavanaugh*, 410 F. App'x 564, 567 (3d Cir. 2011).) In *Armbruster*, the Third

### 2. Claims for Injunctive Relief

As noted above, Plaintiff seeks injunctive relief in the form of a transfer from DCP. (Doc. No. 1 at 3.) The Court agrees with Defendant McManara that Plaintiff's transfer from DCP moots his request for injunctive relief. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"). Accordingly, the Court will grant Defendant McManara's motion to dismiss with respect to Plaintiff's claims for injunctive relief. Plaintiff may proceed on his claim for monetary damages against Defendant McManara at this time.

### B. Plaintiff's Claims Against Defendant Lakes

Defendant Lakes has not yet been served with Plaintiff's complaint. As noted above, the summons issued for him was returned as unexecuted with a note that he was no longer employed at DCP. (Doc. No. 24.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

---

Circuit recognized that *Harley v. Schuylkill Cty.*, 476 F. Supp. 191 (E.D. Pa. 1979), "is the only reported federal court case brought under 42 U.S.C. § 1983 that explicitly holds that 'the right to refuse to violate another's federal constitutional rights is a right secured by the [C]onstitution.'" *Armbruster*, 410 F. App'x at 566 (quoting *Harley*, 476 F. Supp. at 194). The Third Circuit agreed with this Court's conclusion that the plaintiff's reliance on *Harley* was unpersuasive because the right in *Harley* was premised upon substantive due process, and claims based upon generalized notions of substantive due process are disfavored. *Id.* at 566-67. As discussed *infra*, however, the Third Circuit has recognized the viability of claims that corrections officers failed to intervene in violations of inmates' constitutional rights. Because Plaintiff is basing his claim on a violation of the First Amendment and not substantive due process, the Court declines to grant the motion to dismiss on this basis.

> If a defendant is not served within 90 days after the complaint is filed, the [C]ourt – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). More than ninety (90) days have elapsed since the filing of the complaint and, as of the date of this Memorandum, Defendant Lakes has not been served. Under such circumstances, Defendant Lakes may be dismissed. *See Allen v. DeRose*, No. 1:07-cv-1720, 2009 WL 2230598 (M.D. Pa. July 23, 2009). However, before doing so, the Court will allow Plaintiff an opportunity to show cause why Defendant Lakes should not be dismissed pursuant to Rule 4(m).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant McManara's motion to dismiss. (Doc. No. 26.) The motion will be granted with respect to Plaintiff's claims for injunctive relief but denied with respect to his claims for monetary damages against Defendant McManara. The Court will also direct Plaintiff to show cause why Defendant Lakes should not be dismissed from the above-captioned case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. An appropriate Order follows.

/s Sylvia H. Rambo
United States District Judge

Date: February 25, 2020